WO                                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jyles Jon Dale McCarty, | No. CV 21-00473-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Logan Jeffrey Egnor, et al., | |
| Defendants. | |

**I.    Procedural History**

On March 19, 2021, Plaintiff Jyles Jon Dale McCarty, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a March 26, 2021 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 30, 2021, Plaintiff filed his First Amended Complaint.  In an April 2, 2021 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 12, 2021, Plaintiff filed a Second Amended Complaint.  In an April 15, 2021 Order, the Court dismissed the Second Amended Complaint and this action because Plaintiff had failed to state a claim.  The Clerk of Court entered Judgment the same day.

On April 21, 2021, the Court received Plaintiff's Third Amended Complaint (Doc. 15), which he had signed on April 13, 2021 and delivered to Jail officials for mailing on April 15, 2021, before the Court dismissed his Second Amended Complaint. On April 26, 2021, Plaintiff filed a Motion for Investigator Provided by the State (Doc. 16) and a Motion to Appoint Counsel (Doc. 17).

Under the prison "'mailbox rule,' . . . a legal document is deemed filed on the date a [plaintiff] delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). The Court will consider Plaintiff's Third Amended Complaint filed on April 15, 2021, the date he delivered it to Jail officials for filing. The Court will vacate the Judgment, reopen this action, and screen the Third Amended Complaint. Because Plaintiff has still failed to state a claim, the Court will dismiss the Third Amended Complaint and this action and will deny as moot Plaintiff's pending Motions.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.    Third Amended Complaint**

Plaintiff pleaded guilty in Maricopa County Superior Court, case #CR2020-137562, to one count of possession of a dangerous drug, with an offense date of October 20, 2020.[1]

In his three-count Third Amended Complaint, Plaintiff sues Phoenix Police Officer Logan Jeffrey Egnor. Plaintiff asserts claims related to his October 20, 2020 arrest. He seeks monetary relief, for Defendant Egnor to be fired and investigated for other crimes Egnor might have committed, and for CNN to be notified about Egnor's conduct.

In Count One, Plaintiff alleges that on October 20, 2020, Defendant Egnor stopped, detained, and arrested Plaintiff without probable cause. Plaintiff was not wanted for any crime; was not a threat to the public, Defendant, or himself; and had not broken any laws. Plaintiff claims Defendant Egnor falsified documents, and as a result, Plaintiff lost his bond and Social Security Income.

In Count Two, Plaintiff alleges that Defendant Egnor violated his due process rights by detaining him without probable cause and using excessive force to illegally stop, search,

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2020-137562 (last accessed Apr. 27, 2021).

and arrest him.

In Count Three, Plaintiff alleges that Defendant Egnor used excessive force against him by harassing, intimidating, and assaulting him. Defendant Egnor shot Plaintiff five times with a beanbag gun, causing Plaintiff physical pain and bodily harm. Defendant Egnor "hogtied" Plaintiff in front of hundreds of people at a high school function. Plaintiff asserts he had not committed any crimes that would have prompted the amount of force Defendant Egnor used, he did not resist arrest, and he did not "even know he was under arrest." Plaintiff suffered cuts and bleeding wounds due to the beanbag rounds, as well as mental anguish and post-traumatic stress disorder.

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.    Claims for Damages Barred by *Heck***

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512

U.S. 477, 486-87 (1994). Plaintiff's claim that Defendant Egnor arrested him without probable cause implies the invalidity of his conviction, and Plaintiff has not shown that his conviction has been reversed, expunged, or otherwise invalidated. His claims for damages are therefore barred by *Heck*. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *see also Rogers v. Adams*, 103 F. App'x 63, 63-64 (8th Cir. 2004) (claims that officers falsified police reports, provided false information at a probable cause hearing, and refused access to exculpatory records barred by *Heck*).

### B.     Excessive Force

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and

whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Plaintiff has not alleged sufficient facts concerning his arrest, including the circumstances surrounding his arrest and the events that resulted in Defendant Egnor shooting Plaintiff with beanbag rounds. Absent additional information, Plaintiff fails to state an excessive force claim against Defendant Egnor.

### V.    Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Third Amended Complaint, the Court will dismiss his Third Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Third Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    The Clerk of Court must **vacate** the April 15, 2021 Order Judgment and **reopen** this action.

(2)    Plaintiff's Third Amended Complaint (Doc. 15) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(3)    Plaintiff's Motion for Investigator Provided by the State (Doc. 16) and Motion to Appoint Counsel (Doc. 17) are **denied as moot**.

(4)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 29th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge